# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50131 | **DATE** | 10/11/2011 |
| **CASE TITLE** | Intermatic Inc. v. J. Baxter Brinkmann International Corp. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to strike requests for consequential and incidental damages [41] is denied as moot. Defendant's motion to dismiss Count III of plaintiff's amended complaint [47] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Intermatic Incorporated, filed a three-count complaint against defendant, J. Baxter Brinkmann International Corporation, alleging that defendant committed fraud and breached the parties' contractual agreement regarding a sale of plaintiff's assets and defendant's continued purchase of certain products from plaintiff. Now before the court are defendant's motions to strike requests for consequential and incidental damages and to dismiss Count III of plaintiff's amended complaint.

### I. BACKGROUND

As described in further detail in this court's order dated March 14, 2011, in April and May 2009, plaintiff and defendant entered negotiations for defendant to purchase the assets of plaintiff's Malibu Lighting Products division ("Malibu"). Malibu manufactured and sold low-voltage lighting products for outdoor residential use, and its largest customer was Home Depot. The negotiations resulted in two agreements between the parties: the Asset Sale Agreement, by which defendant purchased the assets of Malibu, and the Supply Agreement, a requirements contract by which defendant agreed to purchase from plaintiff all power packs associated with Malibu products that were not "kitted" with Malibu products.

Plaintiff filed a three-count complaint on May 21, 2010. In Count I, plaintiff alleged that defendant breached the Supply Agreement by unilaterally changing the power pack specifications, inducing Home Depot to accept the new specifications, and terminating the Supply Agreement. In Count II, plaintiff alleged that defendant breached the Supply Agreement by changing the specifications for the power pack products, failing to purchase 100% of its requirements for power pack products from plaintiff, and reducing its requirements for power pack products in bad faith. In Count III, plaintiff alleged that defendant committed fraud when it entered the Supply Agreement with no intent to honor the agreement, purported to enter the agreement in good faith, and entered the Supply Agreement to induce plaintiff into entering the Asset Sale Agreement.

In its previous order, the court denied defendant's motion to dismiss plaintiff's complaint as to Counts I and II, and granted defendant's motion to dismiss the complaint as to Count III without prejudice. The court granted plaintiff thirty days within which to file an amended complaint to properly allege damages with the

**STATEMENT**

specificity required by Federal Rule of Civil Procedure 9(b). Plaintiff timely filed its amended complaint, and defendant moves to strike plaintiff's requests for consequential and incidental damages and to dismiss Count III of plaintiff's complaint.

## II. ANALYSIS

### A. Defendant's Motion to Strike

In its motion to strike plaintiff's requests for consequential and incidental damages, defendant contends that plaintiff's requests for consequential and incidental damages related to its facility in Juarez, Mexico should be stricken because plaintiff expressly disclaimed such damages in the Supply Agreement. In its response, plaintiff agrees not to pursue "any contract or fraud damages derived from 'loss of the cost absorption, savings, and manufacturing efficiencies that would be realized from Intermatic's Juarez, Mexico manufacturing facility" and requests that the motion to strike be denied as moot. In its reply, defendant concurs. Accordingly, defendant's motion to strike is denied as moot.

### B. Defendant's Motion to Dismiss

In its motion to dismiss, defendant requests that the court dismiss Count III of plaintiff's complaint with prejudice because plaintiff's fraud claim does not adequately allege a fraudulent statement, reasonable reliance and damages.

The court previously ruled that, drawing all inferences in favor of plaintiff, plaintiff adequately stated a claim for promissory fraud by alleging that defendant's false statements of intent to abide by the terms of the Supply Agreement were part of a larger scheme to defraud. Further, the court previously ruled that plaintiff adequately alleged reasonable reliance on defendant's false statements in negotiating and entering into the Asset Sale Agreement. Therefore, the only issue currently before the court is whether plaintiff has pleded damages with the specificity required by Federal Rule of Civil Procedure 9(b) in its amended complaint.

The Seventh Circuit has held that, in cases of fraud, Rule 9(b) requires a plaintiff to plead actual damages. Swanson v. Citibank, N.A., 614 F.3d 400, 406 (7th Cir. 2010). Plaintiff's amended complaint pleads the following damages: (1) lost revenue from sales to defendant under the Supply Contract, estimated at $2,788,967 at the time of the amended complaint; and (2) the cost absorption, savings and manufacturing efficiencies that would be realized by plaintiff with respect to its Juarez, Mexico facility, in an unspecified amount. As noted above, plaintiff has agreed to strike its request for damages related to the cost absorption, savings and manufacturing efficiencies with respect to its Juarez facility. Plaintiff therefore pleads actual damages in the amount of approximately $2,788,967, representing the estimated profits plaintiff would have made from sales to defendant under the Supply Agreement.

Defendant does not argue that plaintiff failed to plead actual damages. Rather, defendant alleges that the damages sought by plaintiff are classic contract damages that cannot be recovered in tort pursuant to the economic loss doctrine. Further, defendant suggests that the Illinois Supreme Court has not settled the question of whether the intentional fraud exception to the economic loss doctrine is limited to matters not expressly addressed in a contract, and that projections of future conduct are not actionable through a fraud claim. Plaintiff counters that the damages for a plaintiff's promissory fraud and fraud in the inducement claims are always the difference in value of what was contracted for and what was received. In addition, plaintiff argues that Illinois courts have not put any limits on the intentional fraud exception to the economic loss doctrine, nor should a district court attempt to place such limits on the exception before a state court does so. Finally, plaintiff asserts that a claim of fraud in the inducement is necessarily independent of the contract and so cannot be barred by the economic loss doctrine.

Under Illinois law, there is an exception to the economic loss doctrine for intentional fraud. See, e.g., Cumis Ins. Soc'y, Inc. v. Peters, 983 F. Supp. 787, 792 (N.D. Ill. 1997); Trans States Airlines v. Pratt & Whitney

| STATEMENT |
|---|

Can. Inc., 177 Ill. 2d 21, 26 (1997). Here, plaintiff alleges that defendant committed fraud twice: (1) when defendant entered into the Supply Agreement, which it had no intention of honoring; and (2) when defendant fraudulently induced plaintiff to rely on the Supply Agreement as part of the consideration for the Asset Sale Agreement. These are claims of fraud in the inducement, which is covered by the intentional fraud exception to the economic loss doctrine. BP Amoco Chem. v. Flint Hills Res., LLC, 489 F. Supp. 2d 853, 857-58 (N.D. Ill. 2007). Thus, the court finds that plaintiff may seek to recover damages in tort based on the alleged fraud in the inducement. The court further finds that there is no authority to suggest that this court should limit the application of the intentional fraud exception, as defendant suggests, on the basis that the alleged statements were made outside the contract and relate to future behavior. As noted above, Illinois courts have found that the intentional fraud exception covers fraud in the inducement, which indicates both that the economic loss doctrine is not strictly limited to matters expressly addressed in a contract and that statements of future intent may be covered by the exception where such statements are not merely ones of opinion. Id. at 858. Defendant's objections to the application of the intentional fraud exception to the economic loss doctrine are therefore not well taken. The court finds that plaintiff has pleaded damages with the specificity required by Rule 9(b) in the amended complaint. Therefore, defendant's motion to dismiss is denied.

### III. CONCLUSION

Defendant's motion to strike requests for consequential and incidental damages is denied as moot. Defendant's motion to dismiss Count III of plaintiff's amended complaint is denied.